### DECLARATION of ANDREW L. HEARST

I, Andrew L Hearst, do hereby declare:

### BACKGROUND/EXPERIENCE

1.  I have been employed as a police officer with the Portland Police Bureau since February 2010.  Additionally, I have been cross designated as a Deputy US Marshall by the U.S. Marshall Service since June of 2023, and serve as a Task Force Officer on the Cyber Crimes Task Force at the FBI's Portland Field Office.   I am currently assigned to investigate cyber-crimes in Portland, Oregon, on both the Portland Police Bureau's Criminal Intelligence Unit and the FBI's Cyber Crime Team.  I have authority to exercise and execute all federal law enforcement actions and investigate violations of federal law.

2.  I have worked with agents involved in numerous investigations involving wire fraud, financial fraud, and money laundering.  I have participated in searches of premises and assisted in gathering evidence pursuant to search warrants in multiple financial investigations. I have participated in interviews of persons who have committed financial crimes.

### PURPOSE OF THIS DECLARATION

3.  This declaration is submitted in support of the complaint seeking *in rem* forfeiture of $6,748,680.68 in United States currency, which was seized on April 16, 2025, pursuant to a federal seizure warrant, from JP Morgan Chase Bank Account 325175138 (3:25-mc-422) (hereinafter "Defendant Currency").

4.   As set forth below, there is probable cause to believe, and I do believe, that the Defendant Currency constitutes or is derived from proceeds traceable to violations of 18 U.S.C.

§ 1343 (wire fraud), and that the Defendant Currency is therefore forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

5.      This declaration is intended to show only that there is sufficient probable cause for the requested complaint and does not set forth all my knowledge about this matter. The facts set forth in this declaration are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## SUMMARY OF THE INVESTIGATION

6.      The investigation identified a social engineering scheme being perpetrated by an unknown individual or individuals resulting in the fraudulent Automated Clearing House (ACH) transfer of City of Portland funds totaling $6,748,680.68.  The investigation found these funds were held in Chase bank Account 325175138 (hereinafter, "the CHASE ACCOUNT").

7.      On or about February 13, 2025, a malicious actor sent an email to a general inbox for City of Portland finance personnel, requesting to update the ACH payment information connected to a legitimate joint venture of two construction companies the city is currently under contract with.  This joint venture is between the companies MWH Constructors and Kiewit Construction, who are currently completing work for the City of Portland towards a multi-billion dollar water filtration system for the Bull Run watershed.  The email from the malicious actor was sent from the email address "john.lisman[@]mwhkiewitjv.com."  Although the top domain of this address, "mwhkiewitjv" appears to be a legitimate email address containing the two companies' names, it is not used by either MWH Constructors nor Kiewit Construction.  The

**Declaration of Andrew L. Hearst**                                    EXHIBIT A   PAGE 2
                                                                       Complaint *In Rem*
                                                                       FOR FORFEITURE

malicious actor's email contained signed documents required by the city to update ACH banking information. City of Portland finance personnel did not respond to this request.

8. On March 3, 2025, the malicious actor then forwarded their original email to a specific City of Portland employee requesting to prioritize the updating of the MWH/Kiewit JV banking information. This specific City of Portland employee then forwarded the email to City of Portland finance personnel asking to resolve the matter.

9. During the time these emails were being sent the City of Portland had instituted a new vendor and supplier management system called "Ariba." Ariba was instituted to allow each supplier to manage their own financial routing information and contact information. The City of Portland began migrating to the Ariba system on February 10, 2025. The process by which the Ariba migration occurred provided the malicious actor their access to execute the fraud.

10. On March 3, 2025, a City of Portland finance employee emailed multiple parties in the city as well as the malicious actor to explain that in order to update supplier finance information the supplier themselves would have to do so within Ariba. This email contained a screenshot of the city-maintained MWH/Kiewit JV contact information including the legitimate MWH/Kiewit JV email address. The email stated that an invitation had been sent to the legitimate email address on file for MWH/Kiewit JV to set up an Ariba profile. All of these communications were seen by the malicious actor who then replied via email stating the correct email to send the Ariba initiation invitation to was john.lisman[@]mwhkiewitjv.com. On March 4, 2025, City of Portland employees then proceeded to update the internal Ariba records to reflect the malicious actor's email address for the MWH/Kiewit JV profile and then resent an initiation link to john.lisman[@]mwhkiewitjv.com for Ariba access.

**Declaration of Andrew L. Hearst**　　　　　　　　　　　　　　　　EXHIBIT A   PAGE 3
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Complaint *In Rem*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FOR FORFEITURE

11. Sometime between March 4, 2025, and March 21, 2025, the malicious actor utilized the Ariba initiation link and established an Ariba account inputting their own banking information, specifically the CHASE ACCOUNT.

12. On March 21, 2025, the City of Portland initiated an ACH transfer of $6,748,680.68 to the MWH/Kiewit joint venture utilizing the banking details found in Ariba. The City of Portland conducted this transfer of funds from its Wells Fargo Bank account to the CHASE ACCOUNT. The ACH transfer required two business days for completion, which began on Friday, March 21, 2025, and would conclude sometime between the late hours of Monday the 24th of March or Tuesday the 25th March.

13. On March 25, 2025, Wells Fargo Bank notified the City of Portland treasury that they believed the transaction was fraudulent due to mismatching names between intended and actual recipients. The City of Portland finance personnel began to verify the transaction including contacting MWH/Kiewit employees. Through the verification process, the City of Portland learned that the domain of mwhkiewitjv[.]com was not utilized by either company, and that the CHASE ACCOUNT was not associated to the MWH/Kiewit joint venture. On April 9, 2025, JP Morgan Chase Fraud Investigator Jeremy Lanzing told investigators the CHASE ACCOUNT had been frozen by JP Morgan Chase, including the $6,748,680.68 transfer from the City of Portland bank account.

14. On April 16, 2025, a federal seizure warrant was signed by the Honorable Stacie F. Beckerman, United States Magistrate Judge, finding probable cause to seize funds up to the amount of $6,748,680.68 contained within JP Morgan Chase Bank account 325175138.

15. The seizure warrant was executed at Chase Bank on the same day. Chase Bank subsequently issued a cashier's check, number 4557324320, dated April 21, 2025, in the amount

of $6,748,680.68, drawn from National Account Services, 1234 Street Suite 568, Houston, Texas and made payable to the United States Marshals Service, 9109 NE Cascades Parkway, Portland, Oregon.

## CONCLUSION

16. As set forth above, there is probable cause to believe, and I do believe, that the Defendant $6,748,680.68 in United States currency constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud), and that the Defendant currency is therefore forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 15th day of May 2025.

*/s/ Andrew L. Hearst*
ANDREW L. HEARST
Task Force Officer
Federal Bureau of Investigation